Maupin, J.,
concurring in part and dissenting in part:
I concur with the majority that Stuart and Barbara Cowan were entitled to recover goodwill as part of the jury’s determination of fair market value, and that the district court properly considered their claim for attorney fees generated in connection with the condemnation action.[1]
*861 I would, however, reverse and remand this matter for a new trial. Given the lack of local comparative sales information available to the parties below, the district court should have allowed the Cowans to present evidence of comparable sales from other states. In my view, they established an adequate predicate for these proofs.

I also agree that the district court did not abuse its discretion in the admission of the original purchase price of the property, and that admissibility of such evidence should remain within the district court’s sound discretion, considering whether the original purchase was remote in time, whether the original purchase was voluntary and whether economic or physical conditions *861 concerning the property have changed. See Epstein v. City and County of Denver, 293 P.2d 308, 310 (Colo. 1956). That said, I also believe that district courts in this state should provide limiting instructions concerning the probative value of such evidence. Accordingly, in my view, juries in eminent domain actions should be advised that evidence of the original purchase price, while admissible, is not determinative of value, but is relevant to provide orientation and context for the various opinions of the value of the property as of the date of taking.